UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN R. NICHOLS; JOHN KAPOOR; DEBORAH DEAVOURS; THOMAS R. DRYDEN; TERRY AKERS; and GARY EVANS,** on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>**HEALTHSOUTH CORPORATION; RICHARD M. SCRUSHY; WESTON L. SMITH; WILLIAM T. OWENS; EUGENE E. SMITH; UBS FINANCIAL SERVICES, INC.; and UBS SECURITIES, LLC,**<br><br>    Defendants. | CASE NO. 2:12-cv-4073-SLB |

## MEMORANDUM OPINION

This case is before the court on defendants UBS Securities, LLC and UBS Financial Services, Inc.'s (collectively, "UBS") Motion to Remand the Seventh Amended Complaint, (doc. 5),[1] defendant HealthSouth Corporation's ("HealthSouth") Motion to Remand, (doc. 10), and defendant Eugene E. Smith's ("Smith") Motion for Leave to Amend Notice of Removal, (doc. 13). Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the Motions to

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Remand, (docs. 5 & 10), are due to be granted in part and denied in part.  Specifically, the Motions to Remand will be granted; the request for attorney's fees and costs will be denied; and the request for an order prohibiting defendant Smith from again removing this action without first obtaining permission from the court will be denied.[2]  Defendant Smith's Motion for Leave to Amend Notice of Removal, (doc. 13), will also be denied.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs first named Smith, a co-founder of HealthSouth and Senior Vice President of Operations, as a defendant in their Fifth Amended Complaint filed in state court nine years after the commencement of this litigation.  (*See* doc. 1-16.)  In all the related federal securities class actions, which have now been resolved, Smith was never named as a defendant or identified as a witness or custodian of potentially relevant information.  (Doc. 8 ¶ 12.)

For the third time now, Smith has removed this case from the Circuit Court of Jefferson County, Alabama without the consent of his co-defendants.  The first time, Smith removed this case pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 two days *before* he was served with the Fifth Amended Complaint naming him as a defendant.  (*See* doc. 8-9 at 1; doc. 8-10 at 3; *Nichols v. HealthSouth Corp.*, 2:12-cv-00823-SLB doc. 1.)  The court remanded the case to state court upon motion of UBS and HealthSouth, finding that Smith's

---

[2]  As argued by UBS, it appears that the claims against Smith are time-barred on their face.  (*See* doc. 7 at 21.)  Surely counsel for Smith will raise this defense in state court upon remand.  Smith's counsel notes (again, likely correctly) that the claims against Smith are barred by the statute of limitations.  (Doc. 18 at 3.)  This defense can and should be raised in state court.

failure to obtain the consent of his co-defendants was a fatal defect to removal. *Nichols v. HealthSouth Corp.*, No. 2:12-cv-00823-SLB, 2012 WL 3929797 (N.D. Ala. Sept. 10, 2012). The second time, Smith removed this case invoking federal question jurisdiction pursuant to section 1331 but pleading jurisdictional facts relevant to diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), (*see Nichols v. HealthSouth Corp.*, 2:12-cv-03428-SLB doc. 1), after plaintiffs filed a Sixth Amended Complaint in state court asserting, for the first time, class action allegations on behalf of a putative plaintiff class comprised of,

> all purchasers, sellers, or holders of HealthSouth stock or those who otherwise acquired the stock or options of HealthSouth between January 1, 1992 and March 18, 2003, inclusive, and who opted out, requested exclusion, or were not a part of the previously settled class actions against defendants.

(doc. 1-22 ¶¶ 21 & 22).[3] The court remanded the case again upon motion of UBS and HealthSouth in November of 2012. (*Nichols*, 2:12-cv-03428-SLB doc. 8.)[4]

---

[3] Curiously, the Sixth Amended Complaint – filed in *Alabama* state court – alleged that "diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d)" and that "[p]lantiffs bring this action . . . as a nationwide class action pursuant to Rule 23 of the *Federal* Rules of Civil Prcoedure." (Doc. 1-22 ¶¶ 19 & 22.) At oral argument on the pending motions, counsel for plaintiffs explained that they want this case relocated to federal court due to recent adverse changes to Alabama and federal securities law.

[4] The court remanded this case by Order following Smith's failure to oppose remand and after plaintiffs, who are admittedly structuring their amended complaints in hopes of having this case removed to federal court, conceded that remand was warranted. However, it should be noted that the court clearly lacked subject matter jurisdiction over the Sixth Amended Complaint under either section 1331 or CAFA. The Sixth Amended Complaint contained no cause of action arising under any federal law, and the class action fell squarely within the "covered securities" exception to CAFA jurisdiction provided by 28 U.S.C. § 1332(d)(9)(A).

Shortly after the second remand of this case, on December 5, 2012, plaintiffs filed the now-operative Seventh Amended Complaint.  (*See* doc. 1-28.)  The Seventh Amended Complaint includes newly-asserted class action allegations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* on behalf of "[a]ll individuals whose income depended in part on the reputation and financial viability of HealthSouth and who suffered a reduction in income as a result of HealthSouth overstating its financial position."  (*Id.* ¶¶ 246, 267 & 284.)

Smith removed this case on December 11, 2012, alleging that the newly-asserted RICO claims meet CAFA's jurisdictional requirements and that 28 U.S.C. § 1453(b), CAFA's removal provision, permits the removal of class actions without the consent of co-defendants.  (*See* doc. 1.)  UBS and HealthSouth responded by filing the instant Motions to Remand, (docs. 5 & 10), on January 9 and 10, 2013, to which Smith and plaintiffs have filed opposition briefs.  On January 18, 2013, Smith filed his Motion for Leave to Amend Notice of Removal.  (Doc. 13.)  All the pending motions have been fully briefed and are ripe for adjudication.

## II. DISCUSSION

UBS and HealthSouth argue, *inter alia*, that remand is warranted because Smith failed to comply with the procedural requirements for removal set forth in 28 U.S.C. § 1446(a).[5] Section 1446(a) provides that:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*.

28 U.S.C. § 1446(a) (emphasis added). UBS has submitted evidence demonstrating that the following documents served upon Smith in state court are absent from his Notice of Removal: (1) UBS's Motion to Dismiss the Sixth Amended Complaint with attached exhibits; (2) a copy of the summons served upon him; and (3) the proof of service of the Fifth Amended Complaint.

Smith requests the opportunity to supply the omitted state court documents in his Motion for Leave to Amend Notice of Removal. (Doc. 13.) Smith argues that the failure to attach the state court documents required by section 1446(a) is a procedural defect which

---

[5] The removal of class actions is governed by CAFA's removal provision, 28 U.S.C. § 1453(b). Section 1453(b) adopts the procedural requirements for removal set forth in section 1446, with certain exceptions that are not relevant here. 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . ."); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("CAFA's removal provision, 28 U.S.C. § 1453(b), expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446, to govern the removal of [class] actions.").

may be cured by later supplying the omitted materials. Indeed, the Eleventh Circuit has made clear that "the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect." *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (citing *Covington v. Indemnity Ins. Co. of N. Am.,* 251 F.2d 930, 933 (5th Cir. 1958)).[6] Smith cites *FDIC v. N. Savannah Properties, LLC*, 686 F.3d 1254 (11th Cir. 2012), wherein the Eleventh Circuit recently quoted the former Fifth Circuit's decision in *Covington* and stated that:

> [A]n omission like the one here is "merely modal and formal and [is] completely without effect upon . . . removal, if the case is in its nature removable . . . . [A]ll papers filed and proceedings . . . in the state court prior to . . . removal . . . are properly a part of the record coming to this court [and] if any of them are lacking from the original removal record, they may be later supplied."

*FDIC*, 686 F.3d at 1257 n.1 (quoting *Covington*, 251 F.2d at 933). As a curable procedural defect, Smith contends that his noncompliance with section 1446(a) is not an independent basis for remand.

UBS and HealthSouth do not dispute that Smith's omission constitutes a procedural defect – not a jurisdictional defect – and may be remedied by later supplying the relevant materials, but as HealthSouth points out, this court "has held that the defect may be cured only (a) within the time for filing the notice of removal, and (b) where the party seeking remand has not waived the defect." (Doc. 15 at 1-2.) The cases to which HealthSouth refers

---

[6] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

are *Kisor v. Collins*, 338 F. Supp. 2d 1279 (N.D. Ala. 2004) and *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290 (N.D. Ala. 2007).  In *Kisor*, the defendants removed within the thirty-day time period for removal prescribed by 28 U.S.C. § 1446(b), but they inadvertently failed to attach all the state court documents served upon them with their notice of removal.  338 F. Supp. 2d at 1280.  The plaintiff filed a timely motion to remand based upon this procedural defect pursuant to 28 U.S.C. § 1447(c).  *Id*.  Relying on the former Fifth Circuit's statement in *Covington*, the defendants characterized the error as "merely technical and thus innocuous" and amended the notice of removal to include the previously omitted documents.  *Id*.  However, the defendants amended the notice of removal only after the plaintiff had complained about the defect pursuant to section 1447(c) and after the thirty-day window for removal had expired.  *Id*.  The court distinguished *Covington* on this basis, noting that "[t]he . . . distinction between *Covington* . . . and the instant case . . . is that [plaintiff] here filed a timely motion to remand after the expiration of defendants' time for filing a notice of removal."  *Id*. at 1281 (emphasis omitted).  The court found this distinction crucial and granted the plaintiff's motion to remand.  The court explained its reasoning as follows:

> This court, sitting as a court of limited jurisdiction, cannot ignore a manifest procedural defect that a plaintiff has expressly complained about just because the defect was inadvertent or because the removing defendant tenders a belated correction. Contrary to the situation in *Burnett* [*v. Birmingham Bd. of Educ.*, 861 F. Supp. 1036 (N.D. Ala. 1994)], [plaintiff] has not waived the procedural defect. Instead, she has timely complained in the only way provided her by 28 U.S.C. § 1447(c). This case, and the hypothetical case described in *Burnett*, resemble *Newman v. Spectrum Stores, Inc.*, 109 F. Supp.

7

> 2d[] 1342 (M.D. Ala. 2000), which recognizes both the potential jurisdictional fatality that inheres in a procedural defect in removal papers, and the ineffectiveness of a proffered corrective measure taken only in response to a timely jurisdictional challenge.
>
> . . . .
>
> Because defendants' amendment to their notice of removal comes too late, it cannot be considered and cannot counter [plaintiff]'s motion to remand.

*Id*. at 1281. *Andalusia Enterprises* presented a similar factual scenario, and the court adhered to the reasoning in *Kisor*, stating that:

> The absence in the notice of removal of copies of the summonses served on the defendants, uncorrected until after the thirty (30) day removal period had expired, violates 28 U.S.C. § 1446(a), the statute that places limitations on removal jurisdiction. This statute cannot be ignored as a mere technicality. . . . The statute is not a mere suggestion. . . . Full compliance with the terms of § 1446(a) is the only way to accomplish a successful removal. Only after a timely motion to remand was filed in this case, pointing out the absence of "process", and after the time for removal had expired, did [defendant] purport to amend its notice of removal to include the "process". This attempt to remedy a fatal procedural defect came too late.

487 F. Supp. 2d at 1300.

Here, as in *Kisor* and *Andalusia Enterprises*, Smith filed the Motion for Leave to Amend Notice of Removal after the expiration of the thirty-day window for removing the Seventh Amended Complaint and after UBS and HealthSouth timely raised Smith's failure to include all the required state court documents as a basis for remand pursuant to section 1447(c). Thus, HealthSouth contends, Smith's proposed supplementation to the Notice of

8

Removal "comes too late," and the omission constitutes a fatal procedural defect to removal requiring remand.

*Kisor* and *Andalusia Enterprises* represent the minority viewpoint on this issue. In *Yellow Transportation, Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213 (D. Kan. 2005), the District Court of Kansas thoroughly analyzed the competing approaches to this issue and ultimately sided with the majority approach. The majority approach, as discussed and adopted by the district court in *Yellow Transportation*, "is that the removing party's failure to file the required state court papers is 'curable in the federal courts if there is a motion to remand,'" even after the thirty-day window for removal. *Id*. at 1215 (quoting 14C Charles Alan Wright et al., Federal Practice & Procedure § 3733, at 350-51 (3d. ed. 1998)). The court sided with the majority approach after examining the differences in section 1447(c) for motions to remand based on lack of subject matter jurisdiction and those based on non-jurisdictional defects. Section 1447(c), as amended, provides in pertinent part that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The court in *Yellow Transportation* found it significant that "the second sentence of § 1447(c) states that the district court 'shall' remand the case for lack of subject matter jurisdiction" and that "[n]otably absent from the first sentence of the statute . . . is any indication of the extent to which the court must or should remand the case based

on non-jurisdictional defects." 406 F. Supp. 2d at 1218.  Because the first sentence of section 1447(c) is silent as to whether remand is required based on a non-jurisdictional defect, the court concluded that the defendant's failure to attach the required state court documents was the type of *de minimis* error that did not necessitate remand notwithstanding the plaintiff's timely objection and the expiration of the thirty-day removal period. *Id*. at 1218-19.  The court disagreed with the logic of *Kisor* and other cases "which seek to give meaning to the first sentence of § 1447(c) by requiring remand for such procedural defects when those defects are the subject of a timely objection," because "those cases have not distinguished between the statutory directives for the two different types of grounds for remand."  *Id*. at 1218; *see Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1218 (D. Kan. 2011) ("Rather than requiring remand, § 1447(c) only requires a plaintiff to file its motion to remand within thirty days of a notice of removal, if the remand motion is based on a procedural defect. The statute does not say 'if plaintiff makes a motion to remand based on a procedural defect within thirty days, the court must grant the motion.' The plain language of the statute makes this conclusion untenable.")

      The court finds the rationale of *Yellow Transportation* persuasive.  However, while the failure to include the required state court documents does not require remand as HealthSouth contends, (*see* doc. 15), the court is also not required to ignore this procedural defect and assume jurisdiction as Smith contends.  "[W]hether to allow the removing party to cure its failure to file state court records is a matter committed to the discretion of the

district court." *Yellow Transp., Inc.*, 406 F. Supp. 2d at 1218.  As noted in *Yellow Transportation*, the Supreme Court made this clear long ago in *St. Paul & Chi. Ry. Co. v. McLean*, 108 U.S. 212 (1883), wherein the Supreme Court addressed whether a circuit court erred by granting remand due to the defendant's inadvertent failure to file the state court record within the time prescribed under an earlier version of the removal statute.  The Supreme Court reviewed the relevant case law and held as follows:

> These cases abundantly sustain the proposition that the failure of the defendant to file the copy on or before the first day of the succeeding session of the federal court, does not deprive that court of jurisdiction to proceed in the action, and that *whether it should do so or not upon the filing of the copy, is for it to determine*. In this case it was undoubtedly within the sound legal discretion of the circuit court to proceed as if the copy had been filed within the time prescribed by statute. *But clearly it had a like discretion to determine whether the reasons given for the failure to comply in that respect with the law were sufficient*.

*McLean*, 108 U.S. at 216 (emphasis added).  The Supreme Court ultimately affirmed the circuit court's remand order, finding that the circuit court had not abused its discretion.  *Id*. at 217.

In accordance with *McLean*, the court will exercise its discretion in deciding whether to excuse Smith's failure to include all the required state court papers with his Notice of Removal.  Taking into consideration the present circumstances, including the troubling evidence suggesting collusive activity (which the court has refrained from discussing in this Memorandum Opinion), this court exercises its discretion in favor of remanding this action

11

to state court.[7] Smith does not provide any explanation for the omissions, which is noteworthy in light of UBS and HealthSouth's accusation that the particular omissions were deliberate. (*See* doc. 7 at 24.) Moreover, the court is far less inclined to overlook this procedural defect considering that Smith has unsuccessfully attempted to remove this case on two prior occasions.

However, the court declines UBS and HealthSouth's request to award attorney's fees under section 1447(c) and to enter an order prohibiting Smith from removing this case in the future without the prior written permission of the court. Awarding attorney's fees under section 1447(c) is warranted "only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), and the court cannot say that Smith lacked an objectively reasonable basis for removing the Seventh Amended Complaint pursuant to this court's diversity jurisdiction under CAFA. Furthermore, although the evidence is suggestive that Smith and plaintiffs are attempting to delay and/or avoid the resolution of this action in state court, the court refuses to make a conclusive finding on this issue at this time.

---

[7] UBS and HealthSouth argue that Smith's counsel and plaintiffs' counsel have coordinated to get this case removed to federal court. (*See*, *e.g.*, doc. 7 at 7-8 & 12-15.) Based on the affidavits of counsel for plaintiffs and Smith, the court made a finding at oral argument that no such collusion had occurred. However, upon further review and consideration of the record, the court withdraws that finding. This withdrawal does not mean that the court finds that collusion pertaining to removal occurred. Counsel for Smith is held in high regard by the undersigned judge based on his effective advocacy for the criminal defendants he has represented in federal court. Nevertheless, the evidence of conclusive activity is far too weighty to rule out that possibility based solely on the evidence before the court.

### III.  CONCLUSION

Based on the foregoing, UBS and HealthSouth's Motions to Remand, (doc. 5 & 10), will be granted; their request for attorneys' fees will be denied; their request for an order prohibiting defendant Smith from again removing this case without first obtaining permission from the court will be denied; and defendant Smith's Motion for Leave to Amend Notice of Removal will be denied.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE**, this 27th day of September, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE